UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:13-CV-2413 CAS |
| v. ) | |
| ) | |
| VERNON GRAY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Complaint herein was filed on November 27, 2013. The record did not reflect proof of service of summons and complaint on defendant within 120 days of the Complaint's filing. See Fed. R. Civ. P. 4(m). On April 1, 2014, the Court ordered plaintiff to promptly serve the defendant and file proof of service within thirty (30) days of the date of the Order. On April 18, 2014, plaintiff requested the issuance of alias summons but failed to file a Notice of Process Server. In response to a docket text order, plaintiff filed a Notice of Process Server on April 22, 2014, and an alias summons was issued on April 23, 2014.

On April 30, 2014, plaintiff filed a document titled "Response to Court's Order of April 1, 2014" which states in pertinent part, "Service has not been obtained as of this point. However, Plaintiff believes that service can and will be obtained within the next sixty (60) days." Plaintiff asks for an additional sixty days to obtain service on the defendant.[1]

---

[1]Because plaintiff seeks relief from the Court, it should have filed a motion, not a response. The Court construes plaintiff's "Response" as a motion for additional time to obtain service of process.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> **(m) Time Limit for Service**. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.
> . . . .

Rule 4(m), Fed. R. Civ. P.

"Under Rule 4(m), the district court must determine whether good cause exists for the plaintiff's failure to serve the defendant within the 120-day deadline, not whether good cause exists for an extension of time to complete service. In determining whether good cause exists, the district court must focus primarily 'on the plaintiff's reasons for not complying with the time limit in the first place.' Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) (quotations omitted)." Kurka v. Iowa County, Ia., 628 F.3d 953, 958 (8th Cir. 2010).

"A showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 887 (8th Cir. 1996). "'[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding pro se or in forma pauperis.' 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (3d ed. 2002)." Kurka, 628 F.3d at 957.

Here, plaintiff has not offered any reason why it was unable to comply with Rule 4(m) and obtain service of process on the defendant within 120 days of the filing of its complaint. Plaintiff

has therefore failed to make the showing of good cause required for an extension of the time for service.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Response to Court's Order of April 1, 2014," construed as a motion for additional time to obtain service of process on the defendant, is **DENIED** without prejudice for failure to show good cause for its failure to serve the defendant within 120 days after the complaint was filed. [Doc. 9]

**IT IS FURTHER ORDERED** that by **May 6, 2014**, plaintiff shall file a renewed motion for additional time to obtain service of process that shall discuss the reason(s) why it was unable to obtain service of process on the defendant within 120 days of the Complaint's filing.

**Plaintiff's failure to comply fully and timely with this Order will result in the dismissal of this case without prejudice pursuant to Rules 4(m) and 41(b), Fed. R. Civ. P**.


_____
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  1st  day of May, 2014.